

FILED

2015 Jun-22  PM 03:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| **YVETTE THOMAS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Civil Action Number |
| | ) | **2:14-cv-1109-AKK** |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Plaintiff Yvette Thomas ("Thomas") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 205(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge ("ALJ") applied the correct legal standard and that his decision—which has become the decision of the Commissioner—is supported by substantial evidence. Therefore, the court **AFFIRMS** the decision denying benefits.

## I. Procedural History

Thomas filed her application for Title II Disability Insurance Benefits on February 21, 2012, alleging a disability onset date of February 3, 2012 due to

Graves' disease, sarcoidosis, uveitis, back injuries, irritable bowel symdrone, and acute sinusitis. (R. 82, 138, 142). After the SSA denied her application, Thomas requested a hearing before an ALJ. (R. 82-83, 38-67). The ALJ subsequently denied Thomas's claim, (R. 31), which became the final decision of the Commissioner when the Appeals Council refused to grant review, (R. 1-4). Thomas then filed this action pursuant to § 205(g) on June 11, 2014. Doc. 1.

## II. Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'"  *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence."  *See id.*  (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III.  Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i)(I)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis.  20 C.F.R. § 404.1520(a)-(f).  Specifically, the Commissioner must determine in sequence:

(1)     whether the claimant is currently unemployed;

(2)     whether the claimant has a severe impairment;

(3)     whether the impairment meets or equals one listed by the Secretary;

(4)     whether the claimant is unable to perform his or her past work; and

(5)     whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).  "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of 'not disabled.'"  *Id*. at 1030 (citing 20 C.F.R. § 416.920(a)-(f)).  "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do."  *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

Lastly, where, as here, a plaintiff alleges disability because of pain, she must meet additional criteria.  In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms."  *Holt v. Barnhart*, 921 F.2d 1221, 1223 (11th Cir. 1991).  Specifically,

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.[1]

*Id.* However, medical evidence of pain itself, or of its intensity, is not required:

> While both the regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, *neither requires objective proof of the pain itself.* Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the *Hand* standard *a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself. See* 20 CFR §§ 404.1529 and 416.929; *Hale* [*v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)].

*Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical information omitted) (emphasis added). Moreover, "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Holt*, 921 F.2d at 1223. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, the ALJ must find a disability unless the ALJ properly discredits the claimant's testimony.

Furthermore, when the ALJ fails to credit a claimant's pain testimony, the ALJ must articulate reasons for that decision:

---

[1] This standard is referred to as the *Hand* standard, named after *Hand v. Heckler*, 761 F.2d 1545, 1548 (11th Cir. 1985).

> It is established in this circuit that if the [ALJ] fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the [ALJ], as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the [ALJ] be supported by substantial evidence

*Hale*, 831 F.2d at 1012. Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if the ALJ's reasons are not supported by substantial evidence, the court must accept as true the pain testimony of the plaintiff and render a finding of disability. *Id*.

## IV. The ALJ's Decision

In performing the five step analysis, the ALJ found that Thomas had not engaged in substantial gainful activity since February 3, 2012, and therefore met Step One. (R. 25). Next, the ALJ found that Thomas satisfied Step Two because she suffered from the severe impairments of "chronic fatigue, Graves' disease, sarcoidosis, reduced visual acuity, degenerative disc disease of the lumbar spine, and neck pain." *Id*. The ALJ then proceeded to the next step and found that Thomas did not satisfy Step Three since she "does not have an impairment or combination of impairments that meets or equals the severity of one of the listed impairments." *Id*. Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, he proceeded to Step Four, where he determined that Thomas has the residual functional capacity (RFC) to "perform medium work . . . except that [Thomas] cannot drive, climb, or work

around heights, or perform more than simple, non-complex tasks." *Id*. In light of Thomas's RFC, the ALJ determined that Thomas "is unable to perform any past relevant work . . . as a radiology technologist." (R. 29). Lastly, in Step Five, the ALJ considered Thomas's age, education, work experience, and RFC, and determined "there are jobs that exist in significant numbers in the national economy that [Thomas] can perform." (R. 30). Therefore, the ALJ found that Thomas "has not been under a disability, as defined in the Social Security Act, from February 3, 2012." (R. 31).

## V. Analysis

Thomas takes issue with the ALJ's finding that Thomas can perform medium work because the ALJ afforded limited weight to the opinion of the consultative examining physician (Dr. Latesha Elopre) while affording significant weight to the non-examining state agency physicians (Dr. Alka Bishnoi and Dr. Faye-Ann Ramiogan). *See* doc. 14 at 7-12. Thomas contends that the ALJ erred in doing so because "the opinion of a non-examining physician cannot by *itself* constitute substantial evidence that justifies the rejection of . . . an examining physician."[2] Doc. 14 at 11 (emphasis added). While Thomas is generally correct

---

[2] While ALJs "will evaluate every medical opinion [they] receive," 20 C.F.R. § 404.1527(d), they will not necessarily afford all medical sources equal weight. Rather, the SSA classifies acceptable medical sources into three types: nonexamining sources, nontreating (but examining) sources, and treating sources. A "nonexamining source" is "a physician, psychologist, or other acceptable medical source who has not examined [the claimant] but provides a medical or other opinion in [the claimant's] case." 20 C.F.R. § 404.1502. A "nontreating source" (but examining source) has examined the claimant but does not have an "ongoing treatment relationship" with the claimant. *Id.*

that, "[t]he opinions of nonexamining, reviewing physicians . . . when contrary to those of the examining physicians, are entitled to little weight, and standing alone do not constitute substantial evidence," *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987), she overlooks that an ALJ does not "err in assigning more weight to the expert opinions of the non-examining state agency physicians," as long as he "[does] not rely solely on [those] . . . opinion[s] but consider[s] the record in its entirety," *Randolph v. Astrue*, 291 F. App'x 979, 982 (11th Cir. 2008). Here, the ALJ specifically noted that the opinions of the nonexamining physicians "deserve some weight" because they are consistent with Thomas's physical examinations, which demonstrate "minimal abnormalities." (R. 29). Indeed, Thomas's examining physicians consistently noted that she experiences normal musculoskeletal function, does not experience muscle weakness or muscle pain, has no trouble walking, and demonstrates normal gait, station and posture. (R. 249, 322, 323, 329, 332, 360, 361, 409). In fact, even Dr. Elopre noted that Thomas experiences "normal range of motion throughout all joints," is "able to perform tandem gait and squat/bend without difficulty," and experiences "5/5 strength in all muscle groups." (R. 301, 302).[3] Because this evidence supports the ALJ's determination

---

[3] Along the same lines, to the extent Thomas is challenging the ALJ's decision to afford limited weight to the opinion of Dr. Elopre, the court notes that the ALJ properly discounted Dr. Elopre's opinion that "all postural limitations apply" after noting that Dr. Elopre's opinions "are inconsistent with [her own] findings . . . and . . . with the longitudinal treatment records showing that [Thomas] has no problems ambulating." (R. 28). Indeed, Dr. Elopre noted in her own examination that Thomas experiences "normal range of motion throughout all joints," is "able to perform tandem gait and squat/bend without difficulty," and experiences "5/5 strength in all muscle groups." (R. 301, 302). This evidence, as the ALJ pointed out, is inconsistent with Dr. Elopre's opinion that Thomas experiences

that Thomas can perform medium work involving "lifting no more than [fifty] pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds," 20 C.F.R. § 404.1567(c), and because the ALJ did not rely solely on the opinion of a non-examining physician, the court rejects Thomas's arguments on this issue.

## VI. Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Thomas is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination. Therefore, the Commissioner's final decision is **AFFIRMED**. A separate order in accordance with the memorandum of decision will be entered.

**DONE** the 22nd day of June, 2015.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

---

"all postural limitations." Moreover, Dr. Elopre's opinions are inconsistent with medical records establishing that Thomas's strength and musculoskeletal function is normal, that she has no trouble walking, and demonstrates normal gait, station and posture. (R. 322, 323, 360, 361). This medical evidence supports the ALJ's decision to afford limited weight to Dr. Elopre's opinions. *See Beegle v. Soc. Sec. Admin., Com'r*, 482 F. App'x 483, 488 (11th Cir. 2012) (the ALJ was justified in assigning non-treating examining physician's opinion "little probative weight," because evidence on the record contradicted it.).